# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2021

Lyle W. Cayce
Clerk

———————

No. 21-40561
Summary Calendar

———————

Steven Ledermann,

*Plaintiff—Appellant*,

*versus*

Coastal Health ; Wellness; United States of America,

*Defendants—Appellees*,

———————————————————————

Curtis Green,

*Plaintiff—Appellant*,

*versus*

Coastal Health ; Wellness; United States of America,

*Defendants—Appellees*,

———————————————————————

Daniel Saldana,

*Plaintiff—Appellant*,

*versus*

Coastal Health ; Wellness; United States of America,

*Defendants—Appellees*.

No. 21-40561

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-cv-00280

---

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

With a deficient opening brief[1] that resembles the proposed findings of fact and conclusions of law a party might submit to a district court conducting a bench trial, Plaintiff-Appellants Steven Ledermann, Curtis Green, and Daniel Saldana appeal the district court's judgment—issued at the conclusion of a three-day bench trial—in favor of Defendants-Appellees Coastal Health & Wellness (CWS) and the United States of America. Because the Plaintiff-Appellants' appeal is in essence an attempt to re-try their unsuccessful case here, we AFFIRM.

I.

Defendant-Appellee CWS is a community health clinic that receives financial backing from the U.S. Public Health Service. In 2018, a surprise accreditation visit by the Joint Commission on Accreditation of Healthcare Organizations revealed deficiencies in CWS's infection-control protocols.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] The variety of ways in which the Appellants' opening brief falls short of the briefing requirements set forth in Federal Rule of Appellate Procedure 28 are catalogued at pages 12–14 of the Appellees' response brief. The Appellees argue, somewhat persuasively, that we need not even entertain this appeal due to abandonment. We have no need to decide that issue, however, as the Appellants' arguments fail regardless.

No. 21-40561

The Plaintiff-Appellants are individuals who received dental treatment at CWS in 2015 and 2016 and who later contracted Hepatitis C. In 2019, they sued CWS for negligence under the Federal Tort Claims Act.

After hearing three days of trial testimony, the district court issued a memorandum opinion containing well-grounded findings of fact and appropriate conclusions of law. At bottom, the court found that the Plaintiff-Appellants "failed to prove causation," because "[g]iven their risk factors, the time at which they visited the clinics, and the evidence of their later-staged infections, [they had] shown at best a temporal association," which, under Texas law, "is not enough."

## II.

In their opening brief on appeal, the Plaintiff-Appellants raised just one issue in their "Statement of the Issues"—namely, "[w]hether trial court findings that are plainly contrary to uncontroverted evidence admitted at trial and unambiguous admissions of liability by a party-opponent must be set aside as clearly erroneous pursuant to Federal Rule of Civil Procedure 52(a)(6)." As the Plaintiff-Appellants acknowledge, this cabins our review to assessing whether the district court's fact findings were clearly erroneous.

"A trial court's findings are clearly erroneous when, after reviewing the entire evidence, the Court is left with the definite and firm conviction that a mistake has been committed." *Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 474 (5th Cir. 2002). Because our review of the record here leaves us with no conviction that a mistake has been committed—much less a "definite and firm" one—we AFFIRM the district court's final judgment, which was the product of a bench trial that this panel did not attend.

3